UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH ADAM MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.1:03-cv-1242-DFH-TAB |
| ) | |
| FRANK ANDERSON, Sheriff, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Summary Judgment**

Kenneth Adam Marshall was formerly confined at the Marion County Jail (the "Jail"). Marshall alleges in this action that his federally secured rights were violated while he was confined in the Jail. He seeks damages. The sole defendant at this point in the case is Marion County Sheriff Frank Anderson ("Sheriff Anderson"), sued in his official capacity.

For the reasons explained in this Entry, Sheriff Anderson's unopposed motion for summary judgment must be **granted.**

**Discussion**

At the time this action was filed, Marshall was a prisoner. Accordingly, provisions of the Prison Litigation Reform Act (the "PLRA") apply to this action. *Witzke v. Femal, et al.* 376 F.3d 744, 750 (7th Cir. 2004).

The PLRA requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to the treatment alleged by the plaintiff in his complaint. *Id.* at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

"In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies." *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004).

The evidentiary record relative to the motion for summary judgment shows the following:

- Marshall was confined in the Jail as a pre-trial detainee from September 19, 2002, to January 10, 2003. His claim in this action is that the conditions of his confinement at the Jail amounted to punishment, which of course was prohibited under the Constitution given that he had not yet been convicted of an offense. *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995) ("Generally, confinement of pretrial detainees may not be punitive, because 'under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt.'" (quoting *Bell v. Wolfish,* 441 U.S. 520, 535 (1979)).

- At the time of Marshall's confinement in the Jail, the Jail had a multi-step inmate grievance procedure in place. This procedure was established through written instructions, the use of forms and the availability of steps to appeal an inmate's dissatisfaction with the resolution or response to his grievance at a previous level. Marshall had access to information concerning this procedure and the forms necessary to make it function. The details of the grievance procedure are outlined in the *Jail Inmate Handbook,* which the inmate receives upon incarceration in the Jail. The grievance procedure allows inmates to complain about all aspects of prison life, including harassment by other inmates and the need for medical treatment.

- The Jail Grievance Procedure requires the grievance be filed within forty-eight (48) hours of the occurrence of the incident in question. Inmates are required to submit the grievance forms to the Grievance Officer. The Grievance Officer then reviews and investigates the inmate's grievance and determines what action, if any, is necessary to resolve the inmate's grievance. Inmates would receive a reply to all grievances informing the inmate of the disposition of the grievance. All written grievances submitted by inmates are logged in and stored at the Jail.

- Jail records do not indicate that the Marshall made any grievance during his incarceration in the Jail, or otherwise notified Jail personnel of the alleged issues described in his amended complaint.

Thus, although the grievance process was available to him, Marshall did not exhaust the step grievance procedure as to claims asserted in this lawsuit. He offers no contrary argument. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the suit should not have been brought and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

The motion for summary judgment is **granted.** Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:   9/16/2005